# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREA SANIEL, | Case No.: 2:10-cv-01497-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss and Expunge Lis Pendens–#4) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR INT'L HOME CAPITAL CORP. DBA SKOFED FUNDING CORP.; CAL-WESTERN RECONVEYANCE CORPORATION; CITIMORTGAGE, INC.; BANK OF AMERICA; DOES I-X; ROES I-X; Inclusive, | |
| Defendants. | |

Before the Court is Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss and Expunge Lis Pendens (#4), filed October 1, 2010. The Court has also considered Plaintiff Andrea Saniel's Opposition (#8), filed October 18, 2010, and CitiMortgage's Reply (#11), filed October 28, 2010.

**BACKGROUND**

In June 2003, Saniel obtained a mortgage loan from Defendant International Home Capital Corp. DBA Skofed Funding Corp. ("Skofed") in the amount of $152, 850.00 (the "Loan").

1

AO 72
(Rev. 8/82)

1   (Dkt. #5, Req. for Jud. Notice Ex. A)  In connection with the Loan, Saniel executed a promissory
2   note (the "Note") secured by a Deed of Trust against the property located at 9184 Starling Wing
3   Place, Las Vegas, NV 89143 (the "Subject Property").  Initially, Defendant Mortgage Electronic
4   Registration Systems, Inc. ("MERS") was the designated beneficiary on the Deed of Trust, but the
5   Deed of Trust was later assigned to CitiMortgage.  Additionally, MERS substituted Cal-Western
6   Reconveyance Corporation ("Cal-Western") as the new trustee under the Deed of Trust.

7   Saniel defaulted on the Loan in August 2009.  As a result, Cal-Western executed a
8   Notice of Breach and Default and of Election to Cause Sale and recorded a Notice of Default on
9   November 16, 2009.  On August 16, 2010, Cal-Western recorded a Notice of Trustee's Sale,
10  setting a public auction on September 2, 2010.

11  On September 2, 2010, Saniel filed a Complaint, asserting the following claims: (1)
12  misrepresentation and fraud by omission; (2) quiet title; (3) tortious breach of duty of good faith
13  and fair dealing; (4) civil conspiracy; (5) unjust enrichment; and (6) declaratory relief.  On the
14  same day, Saniel recorded a Notice of Lis Pendens against the Subject Property.  (Dkt. #5 Ex. G).

15  CitiMortgage now asks the Court to dismiss the claims against it and expunge the
16  Lis Pendens on the Subject Property.  Additionally, the Clerk of the Court filed a notice of intent
17  to dismiss pursuant to Rule (4)(m) of the Federal Rules of Civil Procedure for Defendants MERS,
18  Skofed, Cal-Western, and Bank of America whom Saniel has failed serve.  (Dkt. #12, Jan. 26,
19  2011.)  For the reasons discussed below, the Court grants CitiMortgage's Motion to Dismiss and
20  Expunge Lis Pendens.

21                                                **DISCUSSION**
22  **I.      Defendants' Motion to Dismiss**
23          **A.      Legal Standard**
24          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
25  relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short
26  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.    Misrepresentation and Fraud By Omission**

Saniel makes broad and over-generalized assertions concerning Defendants' alleged non-disclosure of unfair lending and foreclosure practices, artificially-inflated appraisal and bonuses, and inflated salaries. Misrepresentation is a form of fraud where a false representation is relied upon in fact. *See Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871 (Nev. 1980). Fraud claims must meet a heightened pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pleading fraud with

3

1  particularity requires "an account of the time, place, and specific content of the false
2  representations, as well as the identities of the parties to the misrepresentations." *Swartz v.*
3  *KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

4      Saniel's claim for misrepresentation and fraud by omission fails because it was not
5  pled with specificity in accordance with Rule 9(b). Saniel's allegations are generalized claims of
6  fraud, rather than allegations of specific fraudulent representations against the individual
7  defendants. Saniel asserts that the alleged securitization of the Loan concealed the true Note holder
8  and that Defendants are required to prove their legal standing to foreclose upon the Subject
9  Property. However, Saniel fails to state specific facts to support her allegation that Defendants
10 illegally failed to disclose the alleged securitization of the Loan. Securitization and non-disclosure
11 of securitization of a loan are not illegal acts. Furthermore, the Assignment of Deed of Trust[1]
12 clearly shows CitiMortgage as the beneficiary on November 12, 2009. Therefore, CitiMortgage,
13 had the authority to foreclose on Saniel's property upon Saniel's failure to pay her mortgage.

14     Saniel's other claims of artificially-inflated appraisal, bonuses, and salaries also fail to meet
15 the specificity requirement of Rule 9(b) because Saniel does not provide any specific information
16 about the parties or alleged false representations. Thus, these allegations are insufficient to support
17 a claim for fraud by omission. Accordingly, the Court dismisses this claim.

18     **C.**     **Quiet Title**

19     Saniel asserts that she is entitled to an order quieting title because Defendants do not
20 have the requisite legal interest to foreclose on her property. An action to quiet title may be
21 brought by "any person against another who claims an estate or interest in real property, adverse to
22 him, for purpose of determining such adverse claim." NRS § 40.010 (2009); *Del Webb*
23 *Conservation Holding Corp. v. Tolman*, 44 F. Supp. 2d 1105, 1110–11 (D. Nev. 1999). The
24 burden of proof in a quiet title action, rests with the plaintiff to prove good title in himself. *See*

---

[1] *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (noting that a court may take judicial notice of "matters of public record").

*Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasa v. Leavitt*, 692 P.2d 1301, 1304 (Nev. 1985).

Saniel's quiet title claim fails because Cal-Western was authorized to conduct a foreclosure sale as a valid trustee under NRS § 107.080.  A trustee's sale made pursuant to NRS § 107.080 may only be voided in narrow circumstances where the trustee did not substantially comply with the statutory provisions.  NRS § 107.080(5)(a).  The Complaint does not include any allegations that Cal-Western did not comply with the statutes authorizing a trustee's power of sale.  Thus, Saniel does not state a valid quiet title claim and, therefore, the court dismisses this claim.

**D.     Tortious Breach of the Implied Duty of Good Faith and Fair Dealing**

Saniel alleges that Defendants' violation of her trust through fraudulent actions amounted to a tortious breach of the implied duty of good faith and fair dealing.  As a general rule, breach of the implied covenant of good faith and fair dealing is a contract claim.  *See A.C. Shaw Constr., Inc. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989).  However, an exception exists for a tortious breach of the implied covenant of good faith and fair dealing when a plaintiff shows a special element of either reliance or fiduciary duty because the defendant was in a superior or entrusted position.  *Id.*  Tort liability for breach of the good faith covenant is limited to "rare and exceptional cases," *K Mart Corp. v. Ponsock*, 732 P.2d 1364, 1370 (Nev. 1987), and is appropriate where "the party in the superior or entrusted position" has engaged in "grievous and perfidious misconduct."  *Great Am. Ins. Co. v. General Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997).

Saniel's claim fails because she has not plausibly alleged a special element of reliance or fiduciary duty.  Courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties.  *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004) (stating "the Court is satisfied that the Nevada Supreme Court would hold that an

1  arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional
2  circumstances"), *aff'd in relevant part by Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865
3  (9th Cir. 2007). Saniel's allegations represent a typical lender-borrower relationship and do no
4  more than label Defendants' role as fiduciary without stating sufficient factual matter to survive
5  Defendants' motion to dismiss. Saniel's vague allegations, together with these well-settled legal
6  principles, do not permit the Court to reasonably infer that Defendants are liable for the alleged
7  misconduct. *See Iqbal*, 129 S. Ct. at 1949. Accordingly, the Court dismisses this claim.

        **E.**        **Civil Conspiracy**

9          Saniel alleges that Defendants conspired to commit fraud by failing to disclose the
10 true owner of the Note, allowing Defendants to collect her mortgage payments without
11 authorization. An actionable civil conspiracy "consists of a combination of two or more persons
12 who, by some concerted action, intend to accomplish an unlawful objective for the purpose of
13 harming another, and damage results from the act or acts." *Consol. Generator-Nevada v. Cummins*
14 *Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998) (quoting *Hilton Hotels Corp. v. Butch Lewis Prods.,*
15 *Inc.*, 862 P.2d 1207, 1210 (Nev. 1993). An "act in furtherance of the conspiracy [must] constitute
16 an actionable tort." *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 & n.1 (Nev. 1980).

17         Saniel fails to state specific facts pertaining to Defendants' alleged illicit conduct
18 that would support a claim for civil conspiracy. While not clear from the Complaint, it appears this
19 allegation is partly based on Saniel's claim that Defendants committed fraud by not disclosing the
20 securitization of the Loan. However, securitization of a loan is not illegal. Even if Defendants
21 securitized the Loan, none of the Defendants were under any legal obligation to notify Saniel of
22 this lawful action. *See, e.g.*, *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276,
23 1280 (D. Nev. 2010). Therefore, Defendants did not participate in a civil conspiracy by failing to
24 disclose the alleged securitization of the Loan or the current owner of the Note.

25         Further, Saniel does not assert a sufficient claim that she was harmed by alleged
26 "clandestine agreements" entered into by Defendants in order to inflate the appraisal of her

6

property. Saniel fails to support this claim with sufficient evidence of harm due to the securitization or non-disclosure of the securitization of the Loan. Indeed, Saniel merely discusses what "typically" has occurred in this "unprecedented period of concealment" during the mortgage crisis. The harm proffered by Saniel appears to be a generalized harm suffered by many of those affected by the mortgage crisis. Accordingly, Saniel's claim of civil conspiracy fails to rise above mere speculation and, therefore, the Court dismisses this claim. *See Twombly*, 550 U.S. at 555.

### F.     Unjust Enrichment

Saniel alleges that Defendants were unjustly enriched by accepting her mortgage payments for the Subject Property when the true owner of the Note was unknown. "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). However, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (1997).

Saniel has not stated an actionable claim for unjust enrichment because an express contract for Saniel's loan and payments exists. Saniel's mortgage was governed by an express contract under which Defendants were entitled to repayment. This contract was not destroyed by the alleged securitization of the Loan. Furthermore, Saniel's bare allegation that the wrongful conduct occurred before or separate from the contract is unsupported by the proffered facts. Thus, the existence of an express contract precludes Saniel's claim. Accordingly, the Court dismisses Saniel's claim for unjust enrichment.

### G.     Declaratory Relief

Because Saniel has not stated any valid claims, the Court dismisses the petition for declaratory relief. In sum, all of Saniel's claims against Defendants are dismissed.

///

**H.     Lis Pendens**

NRS § 14.010 states, in part, that in an action affecting the title or possession of real property, the plaintiff shall record with the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action and a description of the property. *Id.* § 14.010(1).

Here, Saniel filed a Notice of Lis Pendens on September 2, 2010. Because Defendant's Motion to Dismiss has been granted in full, an "action affecting title or possession of real property" no longer exists. *See id.* The Lis Pendens recorded on the Subject Property is improper and is therefore expunged.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that CitiMortgage's Motion to Dismiss and to Expunge Lis Pendens (#4) is GRANTED. Defendants shall file an appropriate order with the Court expunging the lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that the Lis Pendens recorded by Saniel in connection with this lawsuit be EXPUNGED, EXTINGUISHED, and/or RELEASED IN FULL.

IT IS FURTHER ORDERED that Defendants MERS, Skofed, Cal-Western, and Bank of America are dismissed as Saniel has failed to effectuate proper service within the 120-day time limit set forth in Rule 4(m). The Clerk of the Court is directed to close this case.

Dated: February 28, 2011.

_____
ROGER L. HUNT
Chief United States District Judge